UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR-04-89-B-W |
| ) | |
| GERALD BAILEY, ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENTARY SENTENCING ORDER**

This Court denies a U.S.S.G. § 5K2.20 Motion for Downward Departure for Aberrant Behavior, because it concludes the Defendant, a school teacher, failed to demonstrate he did not engage in significant planning when he repeatedly used a school computer on school property to gain access to child pornography over a four month period.[1]

### I.   STATEMENT OF FACTS

On November 22, 2004, Gerald Bailey, the Defendant, pleaded guilty to an Information charging him with possession of child pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B).[2] (Docket # 7). Mr. Bailey was a teacher at the Holbrook Elementary School in Holden, Maine and on January 11, 2002, two students at the school reported to the school principal they had seen Mr. Bailey looking at pornographic images on a school computer in his classroom. (Docket # 6). A forensic examination of the computer revealed that between October 10, 2001 and

---

[1] This supplementary opinion addresses only the Defendant's entitlement to a downward departure under U.S.S.G. § 5K2.20 and whether he demonstrated that he committed this crime without significant planning.

[2] 18 U.S.C. § 2252A(a)(5)(B) reads:
> Any person who – knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer…shall be punished as provided in subsection (b). Subsection (b)(2) provides penalties of not more than 10 years in prison, a fine of not more than $250,000.00, or both, a period of supervised release of not more than three years, the violation of which could result in additional imprisonment for not more than two years, and a $100.00 special assessment.

February 12, 2002, a person using the screen name, tsetseforever, had performed Internet searches on Yahoo using terms associated with child pornography and this person had joined dozens of sexually-oriented Yahoo clubs with names associated with child pornography. Approximately ninety images of child erotica and child pornography were found in the computer's unallocated space. Mr. Bailey admitted he had used that screen name on the school computer and was responsible for the pornographic images.

## II. DOWNWARD DEPARTURE FOR ABERRANT CONDUCT:  U.S.S.G. § 5K2.20 (2002)

### A. The Guidelines

The Defendant contends the 2002 version of § 5K2.20 (Aberrant Behavior) justifies a downward departure in his case.[3] The version of § 5K2.20 in effect in 2001-02 read:

> A sentence below the applicable guideline range may be warranted in an extraordinary case if the defendant's criminal conduct constituted aberrant behavior.  However, the court may not depart below the guideline range on this basis if (1) the offense involved serious bodily injury or death; (2) the defendant discharged a firearm or otherwise used a firearm or a dangerous weapon; (3) the instant offense of conviction is a serious drug trafficking offense; (4) the defendant has more than one criminal history point…, or (5) the defendant has a prior federal, or state, felony conviction, regardless of whether the conviction is countable under Chapter Four.

U.S.S.G. § 2K2.20 (2002).  Mr. Bailey is not excluded under (1) – (5) from application of § 5K2.20; the question is whether he merits its application.

### B. Guideline Commentary

---

[3] Section 5K2.20 – Aberrant Behavior – was directly amended effective April 30, 2003 by Congress. *See* PROTECT Act, Pub. L. No. 108-21, § 401(a), (b)(3).  This amendment provides that an aberrant behavior downward departure is not available for defendants convicted of an offense under chapter 110 of title 18.  Mr. Bailey was convicted of such an offense and, therefore, if the 2003 version of the United States Sentencing Guidelines applied to him, he would not be eligible for an aberrant behavior downward departure.  This Court cannot, however, apply the provisions of the PROTECT Act to Mr. Bailey, because to do so would violate the Ex Post Facto Clause.  *See* U.S. Const. art. I, § 9; *United States v. Schnepper,* 302 F. Supp. 2d 1170, 1183-88 (D. Haw. 2004).  The Presentence Investigation Report applies the 2001 version of the § 5K2.20 and the Defendant contends the 2002 version should be applied.  It makes no difference; the versions are identical.

The Commentary to § 5K2.20 is illuminating. Application Note 1 states:

> "Aberrant behavior" means a single criminal occurrence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration; and, (C) represents a marked deviation by the defendant from an otherwise law-abiding life.

U.S.S.G. § 5K2.20, Application Note 1 (2002). The Commentary goes on to say:

> In determining whether the court should depart on the basis of aberrant behavior, the court may consider the defendant's (A) mental and emotional condition; (B) employment record; (C) record of prior good works; (D) motivation for committing the offense; and, (E) efforts to mitigate the effects of the offense.

U.S.S.G. § 5K2.20, Application Note 2 (2002).

### C.  Applicable Caselaw

In *United States v. Rivera-Rodriguez,* 318 F.3d 268, 275 (1st Cir. 2003), the First Circuit noted that the Guidelines restrict downward departures for aberrant behavior to "extraordinary" cases. *See United States v. Castano-Vasquez,* 266 F.3d 228, 234 (3d Cir. 2001)(Section 5K2.20 requires the sentencing court to "make two separate and independent inquiries…whether the defendant's case is extraordinary and whether his… conduct constituted aberrant behavior."); *see also United States v. Guerrero,* 333 F.3d 1078, 1081-82 (9th Cir. 2003); *United States v. Jimenez,* 282 F.3d 597, 602 (8th Cir. 2002).

The First Circuit assisted the analysis of § 5K2.20 by explaining that the Commission "adopted what is effectively a multi-part scheme: first, the defendant must meet all of the express qualifications in application note 1… and may not be excluded by any of the express exclusions in the guideline itself…; and, second, once aberrant behavior is found to exist, the court may weigh a series of considerations including those specifically identified (non-exclusively) in application note 2…." *Rivera-Rodriguez,* 318 F.3d at 276. *Rivera-Rodriguez* clarified that the "totality of the circumstances" test available before the adoption of § 5K2.20, is no longer available. *Id.* at 275-76 (citing *United States v. Grandmaison,* 77 F.3d 555, 563 (1st

3

Cir. 1996)). *Rivera-Rodriguez* allowed, however, that *Grandmaison* survived § 5K2.20, but only "in a limited and different response, namely, in the slight relaxation of the 'single act' requirement. . .".[4]  *Rivera-Rodriguez,* 318 F.3d at 276

### D. Without Significant Planning

Mr. Bailey meets the third criterion, marked deviation from an otherwise law abiding life.[5]  *See* U.S.S.G. § 5K2.20 App. Note 1 (2002). It is less clear whether the crime was of limited duration; however, this Court does not reach that issue.[6]  Instead, this Court focuses on whether the Defendant committed this crime without significant planning. In *Rivera-Rodriguez,* the First Circuit noted the third requirement, marked deviation, is "quite open-ended," but the other two are not. *Rivera-Rodriguez,* 318 F.3d at 276.

---

[4] *Rivera-Rodriguez* points to Commission's "reasons for amendment," noting that it intended to "relax slightly" the very strict view taken by some circuits as to the requirement of a single act, but at the same time to reject the "totality of the circumstances" approach. *Rivera-Rodriguez,* 318 F.3d at 276. This was against the background of a split among the circuits in which some, like the First Circuit, had taken the view that the word "single" referred to the crime committed and therefore, "single acts of aberrant behavior could include multiple acts leading up to the commission of the crime and others had taken the view that the word "single" referred only to a spontaneous, thoughtless, single act. *Compare Grandmaison,* 77 F.3d at 555; *with United States v. Marcello,* 13 F.3d 752 (3d Cir. 1994). The Commission chose a middle ground. *See* U.S.S.G. App. C 603.

[5] Mr. Bailey is 56 years old, had been a school teacher for nearly twenty years, and had no criminal record.

[6] In its memorandum, the Government concedes the acts were of limited duration. *Gov't Mem. In Opp. to Def.'s Mot. for Downward Departure* at 4 (Docket # 26). Whether a teacher's four month search of the Internet for child pornography on a school computer is of limited duration is not as clear to this Court as it is to the parties. *See United States v. Colace,* 126 F.3d 1229, 1231-32 (9th Cir. 1997)(offense was not of limited duration where defendant had two months "to reflect on his criminal behavior"); *United States v. Orrega,* 363 F.3d 1093, 1098 n.7 (11th Cir. 2004)(in the context of 18 U.S.C. § 2422(b), two ninety minute phone conversations with minors not "of limited duration"). In *Rivera-Rodriguez,* the First Circuit concluded that Mr. Trinidad's involvement in "several transactions," including the purchase of two speedboats, an unsuccessful bid to purchase a South Florida apartment, and carrying cash for a drug dealer was not "of limited duration." *Rivera-Rodriguez,* 318 F.3d at 276. *Compare United States v. Petrelli,* 306 F. Supp. 2d 449 (S.D.N.Y. 2004)(scheme exceeded one year); *United States v. Bovee,* 291 F. Supp. 2d 557, 560 (E.D. Mich. 2003)(claim that marijuana growing operation from fall of 2001 to January 2002 was committed without significant planning and was of limited duration "borders on the preposterous.") *with United States v. Nunemacher,* 362 F.3d 682 (10th Cir. 2004)(implying that a two week interval of web access and distribution of child pornography may be of limited duration, where the defendant removed and destroyed the material before he knew he was being investigated by the FBI). In *United States v. Dewire,* 271 F.3d 333, 340 (1st Cir. 2001), a *Grandmaison* analysis case, the First Circuit upheld the sentencing court's conclusion that the defendant's act was not aberrant, because he had received child pornography on "three previous occasions." Aberrant behavior departures under § 5K2.20 are more clearly available when the crime involves a single episode and is spontaneous. *See United States v. Castellanos,* 355 F.3d 56, 60 (2d Cir. 2003)(spontaneity is not determinative, but is a relevant and permissible consideration); *United States v. Langille,* 324 F. Supp. 2d 38, 41-43 (D. Me. 2003); *United States v. Booe,* 252 F. Supp. 2d 584 (E.D. Tenn. 2003).

Few cases address § 5K2.20 in the context of child pornography. *See United States v. Nunemacher,* 362 F.3d 682 (10th Cir. 2004); *United States v. Dewire,* 271 F.2d 333 (1st Cir. 2001)(*Grandmaison* analysis applied). Other cases, however, have addressed significant planning in the context of other crimes. In *United States v. Bayles,* 310 F.3d 1302, 1314-15 (10th Cir. 2002), the Tenth Circuit concluded that an individual had engaged in significant planning when he admitted moving most of his one hundred rifles and seventy-five to eighty-five handguns because of a court order prohibiting his possession of firearms. In *United States v. Castellanos,* 355 F.3d 56 (2d Cir. 2003), the Second Circuit upheld the sentencing court's refusal to depart downward under § 5K2.20, where the defendant made plans to buy heroin one week in advance and arrived at the transaction with thousands of dollars to buy the drugs. In *United States v. Dickerson,* 381 F.3d 251 (3d Cir. 2004), the Third Circuit rejected the district court's granting of a downward departure based on aberrational conduct, where the defendant traveled to the Dominican Republic to pick up a suitcase full of heroin and transport it back to the United States.

This Court concludes that Mr. Bailey has failed to demonstrate his actions were without significant planning. Mr. Bailey began using the school computer to access sexually oriented material on October 10, 2001 and continued to do so until February 12, 2002, when he was discovered by students. He not only accessed child pornography web sites; he actually joined child pornography Internet clubs. He did so using a screen name. Mr. Bailey's use of the school computer was "extensive"; he joined "dozens" of child pornography clubs; he received e-mails from Yahoo confirming his membership in these clubs; approximately ninety images of child erotica and child pornography were located in the computer's unallocated space; and, he had

5

deleted, but not yet written over these images. In these circumstances, this Court cannot conclude Mr. Bailey acted without significant planning under U.S.S.G. § 5K2.20.

### III.  CONCLUSION

This Court DENIES the Defendant's Motion for Downward Departure under U.S.S.G. § 5K2.20 – Aberrant Behavior. The Defendant's activities in repeatedly accessing the Internet, using a screen name, joining Internet child pornography clubs, receiving e-mails, downloading child pornography, and deleting the obscene material from his school computer are activities done with significant planning and Mr. Bailey has failed to demonstrate he is entitled to a § 5K2.20 downward departure.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of June, 2005